```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
UNITED STATES OF AMERICA,                  :
                                           :
        v.                                 :     **MEMORANDUM & ORDER**
                                           :     18-CR-337-6 (WFK)
JOSEPH RIZZO,                              :
                                           :
                        Defendant.         :
---------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:** On March 15, 2019, Joseph Rizzo ("Defendant") pled guilty to Count Twenty of the Superseding Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to two years of probation with special conditions and a $100 mandatory special assessment.

## BACKGROUND

On July 11, 2018, Defendant was arraigned on a complaint. ECF No. 5. Defendant was released the same day on a bond mandating home detention. ECF No. 12. On August 1, 2018, the Government filed a thirty-four-count Superseding Indictment. Superseding Indictment, ECF No. 48. On March 15, 2019, Defendant pled guilty, pursuant to a plea agreement, to Count Twenty of the Superseding Indictment, conspiracy to commit stalking in violation of 18 U.S.C. § 371. ECF Nos. 151, 152 ("Plea Agreement").

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in

open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born on February 29, 1968 in Brooklyn, New York, to the marital union of Luigi Rizzo and Teresa Rizzo, nee Grillo. Presentence Investigation Report ¶ 134, ECF No. 185 ("PSR"). Defendant's parents divorced in approximately 1994. *Id.* They are aware of Defendant's current conviction and remain supportive. *Id.* Defendant has three brothers. *Id.* ¶ 135. Nick Rizzo is a maintenance worker and resides in Staten Island; Louis Rizzo works for the Metropolitan Transit Authority and resides in Brooklyn; Anthony Rizzo is a maintenance worker and resides in Brooklyn. *Id.* Defendant has one sister, Marianna Rizzo, who suffers from schizophrenia and behavioral disorders and resides with her mother and Defendant. *Id.* All of Defendant's siblings are aware of his current prosecution and remain supportive. *Id.* Nicholas

Rizzo describes Defendant as a "great father and loyal friend" who made a terrible mistake. *Id.* ¶ 136.

Defendant married Marie Rizzo, nee Nazzaro, on September 19, 2004. *Id.* ¶ 138. The couple separated in approximately 2011. *Id.* Defendant advised they are still married and have two children age thirteen and fifteen who reside with their mother. *Id.* Marie Rizzo resides in Staten Island, suffers from kidney and heart disease, and is unemployed. *Id.* She relies on Supplemental Security Income for support. *Id.* Defendant stated he provides his wife with $600 a month in financial assistance. *Id.*

Defendant is not currently in a relationship. *Id.* ¶ 139. Defendant stated he always resided at his family home in Staten Island, except for when he was residing in Staten Island with either his wife or brother Joseph. *Id.* ¶ 140.

Defendant suffers from high cholesterol. *Id.* ¶ 142. In 2013, he fell and suffered a herniated disc for which he has reoccurring pain. *Id.* Defendant reported no past or current mental and emotional health issues. *Id.* ¶ 143. He reported he never used illegal drugs and does not drink alcohol. *Id.* ¶ 144. Defendant attended three high schools and left school in 1985 after completing eleventh grade. *Id.* ¶ 145. Defendant currently works as a laborer and has been at his position since July 15, 2019. *Id.* ¶ 147.

Defendant was an associate of the Colombo crime family of La Cosa Nostra, an organized crime group operating in the Eastern District of New York and elsewhere. *Id.* ¶¶ 3, 53. Between December 2017 and June 2018, Defendant and his co-defendant Jerry Ciauri engaged in a pattern of stalking designed to intimidate John Doe #2, *id.* ¶¶ 1, 54, as evinced by intercepted communications over the cell phone of co-defendant Ciauri, *id.* ¶¶ 45–49.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity, from disregarding U.S. law, and from engaging in illicit activity.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty pursuant to a plea agreement to conspiracy to commit stalking in violation of 18 U.S.C. § 371.

By statute, Defendant faces a maximum term of imprisonment of five years and a maximum term of supervised release of three years. 18 U.S.C. §§ 371, 3583(b). Defendant also faces a maximum fine of $250,000.00, *id*. § 3571(b), and a mandatory special assessment of $100.00, *id.* § 3013. Defendant may be sentenced to a term of probation of not less than one year nor more than five years. *Id.* § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. *Id.* § 3563(a)(2).

4

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A). The parties dispute the Guidelines range calculation applicable to Defendant in that they dispute Defendant's adjusted offense level and applicable criminal history category.

All parties agree, the applicable offense guideline is § 2X1.1. PSR at ¶ 115; Def.'s Sentencing Mem at 3., ECF No. 282 ("Def. Mem."); Gov't Sentencing Mem. at 3, ECF No. 279 ("Gov't Mem."). Guidelines § 2X1.1 provides a base offense level of 18. United States Sentencing Commission, Guidelines Manual ("USSG") §§ 2X1.1, 2A6.2(a). All parties agree a four-level reduction (-4) applies pursuant to USSG § 3B1.2(a) because Defendant was a minimal participant in the offense. PSR ¶ 118, Gov't Mem. at 3. All parties agree, should the Court adopt the global resolution, this will result in a one-level reduction (-1) pursuant to USSG § 5K2.0. Gov't Mem. at 3; U.S. Probation Department Sentence Recommendation at 2, ECF No. 185-1 ("Prob. Mem."). All parties agree Defendant clearly demonstrated responsibility for the offense resulting in a two-level reduction (-2) pursuant to USSG § 3E1.1(a). PSR ¶ 122, Gov't Mem. at 3.

The parties disagree on the total adjusted offense level. Probation adds an additional two levels (+2) for a pattern of activity involving stalking under USSG § 2A6.2(b)(1)(e) and applies a one-level reduction (-1) for acceptance of responsibility in a timely manner under USSG § 3E1.1(b). PSR ¶¶ 116, 123. This results in an adjusted offense level of 13, or 12 should the Court choose to apply the one-level reduction for the global resolution. *Id.* at ¶¶ 124, 168.

5

The Government takes the position the correct adjusted offense level is 8. Gov't Mem. at 3. The Government applies an additional three-level reduction (-3) pursuant to USSG § 2X1.1(b)(2) stating Defendant did not complete all acts to achieve conspiracy. *Id.* The Government does not apply the two-level increase for a pattern of stalking under USSG § 2A6.2(b) nor the one-level reduction for acceptance of responsibility in a timely manner under USSG § 3E1.1(b). *Id.*

The parties disagree regarding Defendant's criminal history category. Probation applies a criminal history category of II. PSR at ¶ 129. The Government, and Defendant at the hearing, agree Defendant's criminal history category is II yet state this over-represents the seriousness of Defendant's criminal history and therefore apply a criminal history category of I. Gov't Mem. at 3.

The Government's calculation of a total offense level of 8 and a criminal history category of I yields a Guidelines term of imprisonment range of 0 to 6 months. USSG Ch. 5, Part A. The Guidelines further recommend a term of supervised release between one and three years, *id.* § 5D1.2(a)(2), a term of probation between one and five years, *id.* § 5B1.2(a)(1), and a fine of between $2,000.00 and $20,000.00, *id.* § 5E1.2(c)(3). Probation's calculation of a total offense level of 12 and a criminal history category of II yields a Guidelines term of imprisonment range of 12 to 18 months. USSG Ch. 5, Part A.

However, at the sentencing, the parties revised their recommendations to the Court. Probation orally revised its recommendation to a sentence of probation. The Government recommended a two-year sentence of probation. Defense counsel requested a one-year sentence of probation.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). This factor is not relevant to Defendant's sentencing.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution shall be ordered in this case. 18 U.S.C. § 3663. However, the Government has not yet provided the losses the victims may have suffered. PSR ¶ 165. At an appropriate time, the Court will resolve the outstanding restitution requirement.

## CONCLUSION

A sentence of two years' probation with special conditions and a $100 mandatory special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and its addendum, barring any errors contained therein, to the extent they are not inconsistent with this opinion.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: November 2, 2020
      Brooklyn, New York